1
2
3
4
5
6
7
8
9              UNITED STATES DISTRICT COURT
10            SOUTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  DELANO WRIGHT, | Case No.:  24-cv-01997-AJB-MMP |
| 13                        Petitioner, | **ORDER GRANTING MOTION TO** |
| 14  v. | **PROCEED IN FORMA PAUPERIS** |
| 15  E. BORLA, | **AND DISMISSING PETITION** |
| 16                        Respondent. | **WITHOUT PREJUDICE** |
| 17  | **(Doc. No. 2)** |

18

19        On June 8, 2024, Petitioner Delano Wright ("Petitioner"), a state prisoner proceeding

20   pro se, constructively filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

21   2254 (the "Petition").[1]  (Doc. No. 1.)  Petitioner has also filed a motion to proceed in forma

22   pauperis.  (Doc. No. 2.)  For the reasons discussed below, the Court **GRANTS** Petitioner's

23   motion to proceed in forma pauperis and **DISMISSES** the Petition without prejudice.

24   _____

25   [1]      While the federal Petition is filed-stamped October 24, 2024, the constructive filing date for federal

26   habeas purposes is presumed to be June 8, 2024, the date Petitioner indicates he handed it to correctional
     officers for mailing to the Court, as reflected on the proof of service accompanying the Petition.  *See* Doc.

27   No. 1 at 1, 43; *see Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001) ("Under the 'prison mailbox rule'
     of *Houston v. Lack*, 487 U.S. 266 (1988), a prisoner's federal habeas petition is deemed filed when he

28   hands it over to prison authorities for mailing to the district court.") (internal citations omitted).

## **MOTION TO PROCEED IN FORMA PAUPERIS**

Petitioner has $0.98 on account at the California correctional institution in which he is presently confined (*see* Doc. No. 2 at 7) and cannot afford the $5.00 filing fee.[2] Accordingly, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and allows him to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of Court will file the Petition without prepayment of the filing fee.

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

In accordance with Rule 4 of the Rules Governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States or laws or treaties of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464–65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant

---

[2] A petitioner is required to provide the Court with a trust account statement for the six-month period "immediately preceding" the filing of his habeas corpus petition. *See* 28 U.S.C. § 1915(a). While the instant motion is file-stamped October 24, 2024, it is accompanied by a trust account statement spanning December 2023 through May 2024, and a prison certificate dated June 12, 2024. (*See* Doc. No. 2 *generally*.) However, because Petitioner signed the motion on June 6, 2024 (*see id.* at 3), and the accompanying envelope reflects a mailing date of June 13, 2024 (*see id.* at 9), the Court finds Petitioner has satisfied this requirement with respect to his trust account statement.

to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

In the sole claim in the Petition, Petitioner alleges that "[t]he trial court had imposed an illegal sentence," citing California Department of Corrections correspondence regarding an error in the abstract of judgment (*see* Doc. No. 1 at 6), which the trial court later ordered corrected but denied Petitioner's accompanying request for a full resentencing. (*Id.* at 29, 31–32.) However, Petitioner does not assert or allege any federal constitutional violation arising from the asserted error. (*See id.* at 6; *see generally* Doc No. 1.) Thus, in no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." R. 4, Rules Governing Section 2254 Cases (2019). Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights. Because there is no ground upon which to entertain the Petition, the Court must dismiss the case.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case unless he also alleges that he has exhausted state judicial remedies as to that federal claim before bringing it via federal habeas.[3]

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28

---

[3]    Petitioner indicates he filed a petition for review in the California Supreme Court, which was denied and includes a copy of that denial (*see* Doc. No. 1 at 4, 40), but Petitioner does not specify if that petition contained the claim he wishes to present in this Court. Additionally, Petitioner has simply left blank the portion of the habeas petition form asking if he raised Ground One in the California Supreme Court. (*See id.* at 6.)

U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34.  "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it, or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).  Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

The Court additionally cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

*///*

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## CONCLUSION AND ORDER

For the reasons discussed above, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis (Doc. No. 2) and **DISMISSES** the Petition without prejudice. If Petitioner wishes to proceed with this habeas action, he must, no later than **December 30, 2024**, file a First Amended Petition that cures the pleading deficiencies outlined in the instant Order. *The Clerk of Court is directed to mail Petitioner a blank 28 U.S.C. § 2254 Amended Habeas Petition form together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated:  October 29, 2024

Hon. Anthony J. Battaglia
United States District Judge